UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

JOHNNY FIGUEROA,

                                               Plaintiff,

                    -against-

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF ADMINISTRATIVE SERVICES,
GIOVANNI CAGGIA, MARY PADOVANO & DAVID
DIMITRI,

                                               Defendants.

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

**SO-ORDERED
STIPULATION AND
PROTECTIVE ORDER**

19-cv-11178 (KPF)

**MEMO ENDORSED**

**WHEREAS**, each party has sought certain documents from the opposing party in discovery in this action, documents which plaintiff or defendant deems confidential; and

**WHEREAS**, each party objects to the production of those documents unless appropriate protection for the confidentiality of the information contained therein is assured; and

**NOW, THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE** to the following protective order pursuant to FRCP 26(c), which (i) limits the review, copying, dissemination, and filing of confidential, personal, proprietary, and/or competitively sensitive material (as defined herein); and (ii) sets forth the procedures for designating and protecting such material (this "Stipulation and Order") as follows:

1.       As used herein, "Confidential Materials" shall mean all documents or information concerning current of former employees of the New York City Department of Citywide Administrative services ("DCAS") and the City of New York ("City"), including, but not limited to personnel, disciplinary, time and attendance, payroll, financial, labor relations, Equal

Employment Opportunity ("EEO"), investigative, or other files and the information contained therein of current or former employees of DCAS and the City.

2.      "Confidential Materials" shall also mean all documents or information in connection to any investigation conducted by the New York City Department of Investigation, the New York City Office of the Comptroller, the City of New York, and the United States Attorney' Office for the Southern District of New York, or any other government agency.

3.      Documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by a party from sources other than the party producing the Confidential Materials (the "Producing Party"), provided that those sources are/were rightfully in possession of such information on a nonconfidential basis, or (b) are otherwise publicly available.

4.      Neither the party receiving the Confidential Materials (the "Receiving Party") nor the Receiving Party's attorneys shall use the Confidential Materials for any purpose other than for the preparation or presentation of the party's case in this action.

5.      Neither the Receiving Party nor the Receiving Party's attorneys shall disclose the Confidential Materials to any person except under the following conditions:

    a.  Disclosure may be made only if necessary to the preparation or presentation of the party's case in this action.

    b.  Disclosure before trial may be made to the party, an expert or consultant who has been retained or specially employed by the party's attorneys in anticipation of litigation or preparation for this action, to a witness at deposition or any individual who has been identified as a potential trial witness, or to the Court.

    c.  Before any disclosure is made to a person listed in subparagraph (b) above (other than the Court), Receiving Party shall provide each such person with a copy of this Order, and such person shall consent in writing, in the form annexed hereto as Exhibit "A," not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case.  The signed consent shall be retained by Receiving Party's attorneys and a copy shall be furnished to Producing Party's attorneys upon their request.

6.     In the event any person having Confidential Material produced in this Action receives a public record request, subpoena, or other process or order to produce such information, such receiving party shall promptly notify the disclosing party and provide it with a copy of the request; and shall make reasonable efforts to provide the disclosing party with reasonable time to object to such disclosure. Nothing in this Stipulation and Order shall be construed to require the receiving party to give written notice where prohibited by law, to relieve or prevent any party from discharging its duties under law, or to release and discharge any party from its obligations to comply with requests that are made for documents.

7.     Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL."  Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

8.     Where a party wishes to include any documents containing Confidential Materials or which reveal the contents thereof in any Court filing, they must contact the Producing Party 7

days in advance of such filing, and the party that has designated the documents Confidential may request that the documents be filed under seal and/or filed with that particular information redacted under seal or both pursuant to the Court's Individual Rules of Practice in Civil Cases.

9.      Other than deposition transcripts and exhibits, the disclosing party or that party's counsel shall designate Confidential Material by performing all of the following: (i) stamping or otherwise clearly marking as "CONFIDENTIAL" the material in a manner that will not interfere with legibility or audibility; (ii) if the production includes a meta data file, identifying the Confidential Material as "CONFIDENTIAL" in the "Designation" data field for all productions; and (iii) providing any Confidential Material in a separate "Confidential" production volume, including full families of such Confidential Material.

10.     Any party who has designated a document or information as "CONFIDENTIAL" may remove such document or information from the scope of that protection by notifying all other parties in writing.

11.     In the event a party disagrees at any stage of this Action with any "CONFIDENTIAL" designation, such party shall provide to the disclosing party written notice of its disagreement with the designation, describing with particularity the Confidential Material in question and stating the grounds for objection.  The disclosing party shall respond to the objection in writing within fourteen (14) days, and shall state with particularity the grounds for asserting that the Confidential Material is properly designated.  If no written response to the objection is made within fourteen (14) days, the challenged designation is deemed void.  If a timely written response to the objection is made, the parties shall first try to resolve the dispute in good faith by meeting and conferring.  If the dispute cannot be resolved, the party challenging

the designation may request, within a reasonable time period, appropriate relief from the Court consistent with the Court's discovery rules.

12.    Any documents designated as "CONFIDENTIAL" by any party that are designated in advance by any other party as proposed trial exhibits, either pursuant to applicable pretrial procedures or otherwise, may be offered into evidence in open court unless the party that designated them as "CONFIDENTIAL" obtains an appropriate protective order from the Court.

13.    If Confidential Material is disclosed to any person other than in the manner authorized by this Stipulation and Order, the person or party responsible for the unauthorized disclosure must within (5) days of discovering the disclosure bring all pertinent facts relating to such disclosure to the attention of the disclosing party and, without prejudice to any other rights and remedies of the parties or third parties, make every effort to prevent further disclosure by it or by the person who was the unauthorized recipient of such material and seek prompt return or destruction of the Confidential Material from the unauthorized recipient.

14.    If at any time prior to the termination of this Action, a producing party realizes that it has produced Confidential Material without designating it as such, the producing party may designate such material as "CONFIDENTIAL" by promptly notifying all parties in writing. The notification must designate the Confidential Material as "CONFIDENTIAL" according to this Stipulation and Order.  Such material will thereafter be treated as Confidential Material under the terms of this Stipulation and Order.  The disclosing party shall provide the other parties with replacement versions of such Confidential Material and follow the designation and production requirements of paragraph 14 within (10) business days of providing such notice.

15.    If, at any point, a Producing Party determines that it is necessary to withhold or redact any responsive Confidential Material, it shall notify the Receiving Party in writing of the

specific type of responsive Confidential Material it intends to withhold or redact. If the Receiving Party agrees with the Producing Party's determination that the Confidential Material should be withheld or redacted, then this Stipulation and Order may be amended in accordance with paragraph 17 herein. If the Receiving Party does not agree with the Producing Party's determination, then, within fourteen (14) days of receiving the written notification (and upon the fulfillment of any obligation to meet and confer as may be required), the Receiving Party may move the Court for an Order compelling production of the Confidential Material. If no such motion is filed, the Confidential Material at issue may be withheld or redacted by the Producing Party.

16.     Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including copies, notes, and other materials containing or referring to information derived therefrom, except for materials containing attorney work product, (ii) were filed with the Court and/or marked as trial exhibits; or (iii) constitute deposition transcripts and exhibits, if such counsel otherwise comply with the provisions of this Stipulation and Order with respect to such retained material shall be destroyed, and all persons who possessed such materials shall verify their destruction by affidavit furnished to defendants' attorneys. Nothing in this Order shall be construed to limit the Producing Party's use of the Confidential Materials in any manner.

17.     This Order may be changed only by further agreement of all parties in writing or by Order of the Court and is without prejudice to the right of any party to seek modification of this Order by application to the Court on notice to the other parties. Nothing in this Order shall preclude any party from seeking judicial relief, in good faith and upon notice to the other parties, with regard to any provision hereof.

18.     Nothing in this Order shall restrict the use or disclosure of any documents or information that is or becomes public or that is obtained through lawful means independent of discovery in this proceeding, even if the same documents or information are produced in this litigation and later designated as Protected Material.

19.     A party's compliance with the terms of this Order shall not operate as an admission by that party that any particular document or information is or is not (a) relevant, (b) privileged, or (c) admissible in this action.

20.     The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

Dated:          New York, New York
                October 29, 2020


MADUEGBUNA COOOPER LLP          JAMES E. JOHNSON
*Attorneys for Plaintiff*                 Corporation Counsel
30 Wall Street, 8th Floor                of the City of New York
New York, New York 10005                 *Attorney for Defendants*
                                         100 Church Street
                                         New York, NY 10007



_____        *Adria Bonillas*      / s /
                                 _____
Samuel O. Maduegbuna, Esq.       Adria Bonillas
                                 Assistant Corporation Counsel


This Order does not bind the Court or any of its personnel. The Court can
modify this Order at any time. The Court will retain jurisdiction over the
terms and conditions of this Order only for the pendency of this litigation.
Any party wishing to make redacted or sealed submissions shall comply with
Rule 6(A) of this Court's Individual Rules of Civil Procedure.


Dated:     October 30, 2020           SO ORDERED.
           New York, New York


                                      HON. KATHERINE POLK FAILLA
                                      UNITED STATES DISTRICT JUDGE

## EXHIBIT A

I hereby acknowledge that I have read the So-Ordered Stipulation and Protective Order entered in the United States District Court for the Southern District of New York, on _____, 20__, in the action Johnny Figueroa v. City of New York, et al., Civil Case Number 19 CV 11178 (KPF), and understand the terms thereof.

I agree not to use the Confidential Material defined therein for any purpose other than in connection with the prosecution or defense of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

I understand that it is my responsibility to ensure that, and I hereby agree to ensure that, all Confidential Materials that I have contact with, as well as all copies notes, and summaries, and other materials containing or referring to Confidential Materials or the information contained in the Confidential Materials, including but not limited to all copies, noted, and summaries that are or were maintained in any form, including but not limited to any computer hard drive, diskette, CD-ROM, or other electronic storage device must be either destroyed or returned at the conclusion of this matter.

_____
Date

_____
Signature

_____
Print Name

_____
Occupation

8